**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 13 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTHUR BERRY,

   Plaintiff-Appellant,

v.

MARILYN SCAFE, Chairperson,
Kansas Parole Board,

   Defendant-Appellee.

No.  00-3366
(D.C. No. 97-3438-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR**  and **McKAY** , Circuit Judges, and    **BRORBY** , Senior Circuit
Judge.

---

   After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Arthur Berry, a Kansas state prisoner proceeding pro se, appeals the district court's grant of summary judgment in favor of defendant on his claim that the Kansas Parole Board's application of an amendment to the state parole statute violates the *Ex Post Facto* Clause of the United States Constitution. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Mr. Berry is serving two consecutive life terms in prison and an additional consecutive prison term of five to twenty years for crimes committed in 1981. He was convicted of two counts of first-degree murder and one count of aggravated assault. In 1996, after serving fifteen years, he was considered for parole. Parole was denied. Also in 1996, the state statute setting the frequency for considering an inmate for parole was changed. Formerly, an inmate was to be considered for parole every three years. The 1996 amendment provides that after being denied parole, a prisoner in Mr. Berry's category was to be considered for parole again

> not later than three years after the denial unless the parole board finds that it is not reasonable to expect that parole would be granted at a hearing if held in the next 10 years or during the interim period of a deferral. In such case, the parole board may defer subsequent parole hearings for up to 10 years but any such deferral shall require the board to state the basis for its findings.

Kan. Stat Ann. § 22-3717(j) (2000 Supp.). Mr. Berry contends that the new statute, as applied to him, violates the *Ex Post Facto* Clause. He requested the district court to "issue an order declaring the Kansas Parole Board's action of passing Plaintiff for ten (10) years for a parole reconsideration hearing

-2-

unconstitutional" and "to issue an order directing the Kansas Parole Board to rescind its order passing Plaintiff for ten (10) years and reschedule Plaintiff for a three (3) year deferral parole hearing in accordance with the law in place at the time of Plaintiff's conviction." R. Doc. 1 at 5.

Mr. Berry filed this suit against Marilyn Scafe, the chairperson of the Kansas Parole Board, under 42 U.S.C. § 1983. In a prior appeal, this court held that a § 1983 action, rather than a habeas petition, was the correct framework to pursue his claims, and remanded. Berry v. Scafe, No. 98-3194, 1999 WL 89152 (10th Cir. Feb. 23, 1999) (unpublished). On remand, the district court held that section 22-3717(j) does not violate the *Ex Post Facto* Clause and found, in an alternate ruling, that Ms. Scafe was not the appropriate defendant because she had not personally participated in the decision to deny parole to Mr. Berry.

We first address whether this suit can be maintained against defendant, as the chairperson of the Kansas Parole Board. She was designated chairperson by the Kansas governor and is authorized to "organize and administer the activities of the [parole] board." Kan. Stat Ann. § 22-3709(a). An official may be sued in her official capacity for injunctive relief under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Accordingly, we hold that defendant Scafe, sued in her official capacity as the chairperson of the Kansas

Parole Board, is an appropriate defendant, and we proceed to the merits of Mr. Berry's claims.

"The States are prohibited from enacting an *ex post facto* law. U.S. Const., Art. I, § 10, cl. 1. One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249-50 (2000). The question is whether the amended Kansas parole statute created a sufficient risk of increasing the punishment for Mr. Berry's crimes "to fall within the constitutional prohibition." Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995). It is undisputed that the length of his sentence is not affected by the amended statute. Rather, only the intervals at which he will be considered for parole have changed. Mr. Berry has the burden to "show that as applied to his own sentence the law created a significant risk of increasing his punishment." Garner, 529 U.S. at 255.

The Supreme Court has declined to "adopt a single formula for identifying which legislative adjustments, in matters bearing on parole, would survive an *ex post facto* challenge." Id. at 252 (citing Morales, 514 U.S. at 509). The following factors identified by the Supreme Court as relevant to an *ex post facto* inquiry are germane to our inquiry: (1) whether a parole board has discretion to determine if an inmate is eligible for release, id. at 253; (2) whether the parole board has the authority to tailor the frequency of the parole hearings to a

particular inmate's circumstances, Morales , 514 U.S. at 511; (3) whether the challenged statute permits an expedited parole review in the event the inmate's circumstances change or the parole board receives information to warrant an earlier review, Garner , 529 U.S. at 254; (4) whether an administrative appeal is available, Morales at 513; and (5) the likelihood that the plaintiff would be released on parole if he received a hearing sooner than his next scheduled parole hearing, see id. at 510-11.

Applying those factors to this case, the first one is fulfilled because the amended Kansas parole statute requires an exercise of discretion if the parole board decides to set a future parole hearing beyond three years. Section 22-3717(j); see Foy v. Taylor , 985 P.2d 1172, 1175 (Kan. Ct. App. 1999) (noting parole board's discretion). Moreover, it requires the parole board to state the basis for its finding that an inmate is not reasonably expected to be granted parole sooner than ten years. Section 22-3717(j).

The second factor is satisfied by the amended statute's provision for a hearing in three years unless the parole board finds that it is not reasonable to expect that the inmate will be granted parole at that time. Id. Furthermore, the parole board is granted discretion to defer the next hearing for as long as ten years and may set the next hearing for sooner than ten years, depending on the circumstances of the particular inmate. See id.

Factors four and five are also met. Kansas parole regulations provide for an expedited parole review. Kan. Admin. Reg. § 45-6-2; see Branson v. McKune, 3 P.3d 572, 574 (Kan. Ct. App. 2000) (holding Kansas law does not preclude expedited parole hearing and express statutory language allowing such hearing not required). The regulations also provide for appeal or reconsideration of the parole board's decision. Kan. Admin. Reg. § 45-4-6.

Finally, we consider the last factor to determine whether Mr. Berry can "reasonably expect that [his] prospects for early release on parole would be enhanced by the opportunity" of a parole hearing every three years. Morales, 514 U.S. at 512. He is serving two consecutive life sentences and another consecutive sentence for five to twenty years. He, like the petitioners in Morales and Garner, committed two murders. The parole board made the finding required by section 22-3717(j) that Mr. Berry's next "parole hearing should be deferred for 10 years, because it is not reasonable to expect that parole would be granted at a hearing if held before then." R. Doc. 21, ex. 5. The decision was based on the serious and violent nature and circumstances of the crimes. [1] "Strong public opposition" and "objections regarding parole" were additional reasons for denying parole. Id.

---

[1] Mr. Berry shot to death his former wife at a restaurant shortly after their divorce hearing. During the shooting, two other women were also shot, one of whom died. R. Doc. 21, ex. 5.

Mr. Berry argues that the longer intervals between parole hearings will restrict his opportunities for release on parole, and thereby increase the length of his incarceration. His argument relies only on speculation that the more often he is considered for parole, the higher his chances of release. Speculation and conjecture that the punishment will be increased by a change lengthening parole hearing intervals are insufficient to invoke the *Ex Post Facto* Clause. <u>Morales</u>, 514 U.S. at 509-10.

Under the circumstances, we hold that extending Mr. Berry's parole consideration from three years to ten does not present "a sufficient risk that his effective punishment is more onerous under the new [Kansas] statute." <u>Raymer v. Enright</u>, 113 F.3d 172, 176 (10th Cir. 1997). Rather, "the amendment simply allows the [parole board] to avoid the futility of going through the motions of reannouncing its denial of parole suitability [every three years]." <u>Morales</u>, at 512. Accordingly, the amended statute, as applied to Mr. Berry, does not violate the *Ex Post Facto* Clause.

AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge