**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL R. ROYSE,

      Plaintiff - Appellant,

v.

MARILYN SCAFE, Chairman, Kansas
Parole Board; LARRY WOODWARD,
Vice-Chairperson, Kansas Parole
Board; BEN BURGESS, Member of
Kansas Parole Board; CARL
CUSHINBERRY, Member of Kansas
Parole Board,

      Defendants - Appellees.

No. 02-3332
D.C. No. 01-CV-3370-GTV
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

     [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Daniel Royse, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint.  This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

In his complaint, Royse alleged that the application to him of an amended Kansas state statute setting intervals for parole hearings violated the Ex Post Facto Clause because the statute was not in effect at the time he committed his crime.  He further alleged that he was denied due process and equal protection when a member of the parole board inquired as to his sexual orientation during a parole hearing on July 12, 2001.  As to these claims, Royse sought an "[i]njunction ordering the Kansas Parole Board to immediately reconsider plaintiff's parole hearing decision, and base this decision on objective, factual criteria."  Finally, Royse further alleged a conspiracy among the members of the parole board to deny him his civil rights.

Applying those factors set out by the Supreme Court in *Garner v. Jones*, 529 U.S. 244 (2000), the district court dismissed with prejudice Royse's *ex post facto* claim.  In so doing, the district court noted that its resolution of the claim was entirely consistent with this court's treatment of an essentially identical claim

in an unpublished disposition. *See Berry v. Scafe*, 16 Fed. Appx. 948 (10th Cir. 2001). The district court dismissed Royse's due process and equal protection claims without prejudice, concluding that under binding Tenth Circuit precedent, Royse was obligated to raise the claims in a habeas petition. *See Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir. 1991) ("To challenge a constitutional defect in an individual parole hearing, where the remedy lies in providing a new parole hearing, a prisoner must file a habeas petition."). Finally, the district court dismissed Royse's conspiracy claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as malicious because the conclusory allegations of conspiracy set out in Royse's complaint were clearly insufficient to state a civil rights claim. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).

On appeal, Royse does not challenge the district court's resolution of his conspiracy claim. Instead, he asserts that the district court erred in concluding that the application of the amended statute to him did not violate the Ex Post Facto Clause and in concluding that he must raise his equal protection and due process claims in a habeas petition. Upon thorough consideration of Royse's brief and contentions on appeal and *de novo* review of the district court's order and entire record, we affirm for substantially those reasons set out in the district

court's order dated August 21, 2002.  The judgment of the United States District

Court for the District of Kansas is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge