(123 P.3d 738)
No. 93,34■

TRACY SCHMIDT, *Appellant*, v. STATE OF KANSAS, *et al., Appellees*.

Opinion filed May 6, 2005. ■■■

*Michael G. Highland*, of Bonner Springs, for appellant.

*Kenneth R. Smith*, special assistant attorney general, for appellees.

Before MCANANY, P.J., MALONE, J., and KNUDSON, S.J.

MCANANY, J.: Tracy Schmidt appeals from the district court's summary denial of his petition for habeas corpus pursuant to K.S.A. 2004 Supp. 60-1501. We affirm.

Schmidt was convicted of a 1986 theft in Cowley County and was placed on probation. In 1989, while on probation, he faced two additional charges. Following guilty pleas to both charges, Schmidt was given sentences that were consecutive to the 1986 sentence. He filed a K.S.A. 60-1507 action to set aside his plea because it was not knowingly and voluntarily made since he thought

his 1989 sentences would be concurrent with his sentence for the 1986 crime. The trial court summarily dismissed the 60-1507 action. On appeal, the dismissal was reversed and the case was remanded for further proceedings.

Schmidt is now in the Lansing Correctional Facility (Lansing) serving a sentence imposed for a 2000 conviction in Cowley County. He sought access to his file at Lansing to obtain information to support his remanded 60-1507 action. When Lansing refused to release his file to him, Schmidt filed a petition for writ of habeas corpus under K.S.A. 2004 Supp. 60-1501 in Leavenworth County, seeking relief from the Cowley County sentences, an order requiring Lansing to provide the documentation Schmidt requested, and other relief. Schmidt's claim was eventually reduced to two issues: (1) whether Schmidt had a constitutional right to have erroneous information corrected in his Kansas Department of Corrections (K.D.O.C.) files; and (2) whether Schmidt's due process right was violated by the refusal to grant him access to the file. Schmidt has not briefed the due process issue, so that issue has been abandoned. *Goldbarth v. Kansas State Board of Regents,* 269 Kan. 881, 884, 9 P.3d 1251 (2000).

The district court summarily dismissed the 60-1501 petition, finding that Schmidt did not raise a constitutional issue and, therefore, the petition failed to state an actionable claim. The court also held that Schmidt's claim that his K.D.O.C. file contained information relevant to his pending 60-1507 action should be directed to the court in Cowley County hearing the 60-1507 action. Schmidt now appeals.

In *Anderson v. McKune,* 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *rev. denied* 262 Kan. 959 (1997), the court stated: "An inmate's claim under K.S.A. 60-1501 must assert the deprivation of a constitutional right or the court is without jurisdiction to consider the claim." We review de novo the court's dismissal of Schmidt's claim for failure to state an actionable claim. In doing so we accept as true the allegations of Schmidt's petition. See *Foy v. Taylor,* 26 Kan. App. 2d 222, 223, 985 P.2d 1172, *rev. denied* 268 Kan. 886 (1999). To avoid summary dismissal Schmidt must allege shocking and intolerable conduct or continuing mistreatment of a constitu-

tional stature. See *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied sub nom. Hannigan v. Stansbury*, 525 U.S. 1060 (1998).

Schmidt claims he is entitled to his file at Lansing. He relies on K.S.A. 2004 Supp. 45-221(a)(29)(B), a part of the Kansas Open Records Act, which states:

> "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
>
> . . . .
>
> (29) Correctional records pertaining to an identifiable inmate or release, except that:
>
> . . . .
>
> (B) the ombudsman of corrections, the attorney general, law enforcement agencies, counsel for the inmate to whom the record pertains and any county or district attorney shall have access to correctional records to the extent otherwise permitted by law."

We have unlimited review over the legal question whether this statute grants Schmidt a right to his prison records. See *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003). When a statute is plain and unambiguous, we must give effect to the intention of the legislature as expressed. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

Schmidt misreads the statute. The plain language of the statute gives Schmidt access to his correctional records "to the extent otherwise permitted by law." This statute does not grant Schmidt access to his records, it simply does not override any other statute that grants him access to such records.

Is access to these records "otherwise permitted by law"? K.A.R. 10-13-1(a) grants a person the right to a copy of his or her criminal history record information from the Kansas Bureau of Investigation. Section 05-101(V) of the K.D.O.C.'s Internal Management Policy and Procedure allows inmates to have access to such records. Lansing provided Schmidt with the information required by I.M.P.P. 05-101(V).

K.S.A. 22-4709(a) grants Schmidt and his attorney the right to inspect "criminal history record information." K.S.A. 22-4709(b) allows Schmidt and his attorney to make notes from the records

but not copies. K.S.A. 2004 Supp. 22-4701(b) also provides a laundry list of data that does not constitute "criminal history record information." Schmidt does not claim that he asked to inspect this information. Rather, he asks for his entire K.D.O.C. master file. He cites nothing showing such a request is authorized by law.

Schmidt fails to show he is entitled to his file under any applicable statute or policy. He fails to show that he has used the procedures available to him to obtain the information to which he is entitled. Finally, he fails to show that his entitlement to this file is a constitutional right.

Affirmed.