NOT DESIGNATED FOR PUBLICATION

No. 114,964

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM H. SNAVELY,
*Appellant*,

v.

JAMES HEIMGARTNER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Labette District Court; ROBERT J. FLEMING, judge. Opinion filed June 17, 2016. Affirmed.


*Brian K. Johnson*, of Johnson Law Firm, LLC, of Oswego, for appellant.


*Michael J. Smith*, Kansas Department of Corrections, El Dorado Correctional Facility, for appellee.


Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.


*Per Curiam*:  William H. Snavely is an inmate at the El Dorado Correctional Facility who is unhappy that the prison utilizes plastic eating utensils and serving trays. Snavely believes that plastic utensils and trays are unsanitary because they cannot be properly cleaned. According to Snavely, plastic utensils and trays become nicked and gouged which trap bacteria and other unsanitary material even after washing.

Snavely made various complaints to the prison staff in May, June, and July 2014. A copy of his complaint form from July was forwarded to the food service vendor supervisor. The food service vendor supervisor responded that this was the first time the complaint had been brought to food services' attention and that the staff would address the matter by inspecting the serving utensils.

On September 18, 2014, Snavely filed a formal grievance regarding the use of plastic utensils and trays. The Unit Team Manager responded in writing, explaining that the food service vendor made every effort to remove any damaged items from service, but if Snavely found one he believed was damaged it would be replaced. Snavely appealed this decision to Warden James Heimgartner. The Warden reviewed the grievance and found the food service vendor's response to be adequate. Snavely appealed the Warden's determination to the Secretary of Corrections. On November 3, 2014, the Secretary's designee found that the facility response was adequate and stated the "food service director will be requested to again review the serving trays and utensils to ensure they are in proper condition." After exhaustion of his administrative remedies, Snavely filed a K.S.A. 2015 Supp. 60-1501 petition.

In his petition, Snavely claimed that his experience as a "'food grade'" welder taught him "that smooth surfaces are a 'fundamental food service industry standard', nation-wide." In response to Snavely's petition, the Kansas Department of Corrections (KDOC) filed an answer and a motion to dismiss for failure to state a claim. Snavely filed a response to the KDOC's motion wherein he sought injunctive relief, appointment of counsel, and a declaratory judgment. The KDOC provided a timely reply to Snavely's response.

On April 15, 2015, the district court ruled that Snavely's K.S.A. 2015 Supp. 60-1501 petition was without specific allegations and facts to support a finding that a constitutional violation had occurred. In its memorandum decision, the district court

2

stated that Snavely had alleged only conclusory allegations without any factual support. Specifically, the district court found that Snavely cited no recognized standards for food preparation or food delivery and that Snavely asserted no facts in violation of any recognized industry standard. As to Snavely's experience as a "'food grade'" welder, the district court found such experience to be "hardly a recognized industry standard." The district court summarily denied Snavely's petition.

Thereafter, Snavely continued to file pleadings with the district court, including a pleading captioned "Expert Affidavit" wherein Snavely declared himself to be an expert on sanitary requirements of food service implements and equipment surfaces based upon his experience as a "'food grade'" welder. Snavely also filed a request for the district court to reconsider its dismissal of his petition and a notice of appeal. The district court appointed counsel for Snavely's appeal. Appointed counsel filed a motion for final judgment and order. After a hearing, the district court denied the motion, did not qualify Snavely as an expert witness, and determined the April 15, 2015, order was final and remained in effect. Snavely timely appeals.

On appeal, Snavely argues that the district court erred in summarily dismissing his K.S.A. 2015 Supp. 60-1501 petition because: (1) his claim that food service utensils were unsanitary was sufficient to state a claim for relief, and (2) he was qualified to render an expert opinion on the subject of the sanitization of food utensils and serving trays. Each issue will be addressed in turn.

*Did Snavely's K.S.A. 2015 Supp. 60-1501 petition state a claim for relief?*

To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal is proper "if, on the face of the petition, it can be established that petitioner is not entitled to relief,

3

or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49; see K.S.A. 60-1503(a). In order to summarily dismiss a habeas corpus petition, the district court "must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). It must also decide whether the alleged facts and their inferences state a claim on any possible theory. *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004) (quoting *Foy v. Taylor*, 26 Kan. App. 2d 222, 223, 985 P.2d 1172, *rev. denied* 268 Kan. 886 [1999]). Our review of a summary dismissal of a K.S.A. 2015 Supp. 60-1501 petition is unlimited. *Johnson*, 289 Kan. at 649.

To determine whether the conduct alleged constitutes shocking and intolerable conduct rising to the level of a constitutional violation, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847-48 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Although Kansas courts have not yet determined the point at which unsanitary food trays and utensils reach the level of a constitutional violation, the issue has been addressed by the federal courts.

In *Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980), the 10th Circuit Court of Appeals held that the United States Constitution required that the State provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." In determining whether constitutional standards have been met relative to food preparation and delivery, state health codes, "while not establishing 'constitutional minima,' [are] relevant in making a finding regarding the constitutionality of existing conditions." 639 F.2d at 571; see also *Williams v. Edwards*, 547 F.2d 1206, 1214 (5th Cir. 1977) (failure to comply with state health codes can be "'significant'" in determining whether a constitutional violation has occurred).

4

In the present case, Snavely conceded in his K.S.A. 2015 Supp. 60-1501 petition that he had no idea what state or federal standards required relative to the sanitization of plastic eating utensils and serving trays. Snavely just assumed that nicked, scratched, and gouged surfaces on plastic eating utensils and serving trays violate applicable state and federal standards because that is what his experience as a "'food grade'" welder taught him. As noted by the district court, Snavely cited no recognized standards for the sanitization of plastic eating utensils or serving trays or for food delivery, nor did he articulate any facts that would constitute a violation of any recognized standards.

Our review of Snavely's K.S.A. 2015 Supp. 60-1501 petition leads us to the same conclusion reached by the district court—the petition lacks factual specificity to support his claim that the prison's use of plastic eating utensils and serving trays is shocking and intolerable conduct that rises to the level of a constitutional violation. Accepting the facts alleged by Snavely in his petition as true, those facts do not establish conditions that present an immediate danger to Snavely's health and well-being. The district court correctly dismissed Snavely's petition for failure to state a claim for relief.

Moreover, the record reflects that Snavely was given an adequate administrative remedy to address his complaint. The prison staff assured him on multiple occasions that should he encounter an unsanitary tray or utensil, he needed to bring it to the staff's attention and the staff would provide him with a replacement serving tray and utensils. There is no allegation in Snavely's petition that prison staff failed to replace damaged trays or utensils upon request. As such, Snavely was not required to eat from damaged or unsanitary trays and utensils. The summary dismissal of Snavely's K.S.A. 2015 Supp. 60-1501 petition was appropriate.

*Did the district court abuse its discretion when it did not qualify Snavely as an expert witness?*

Snavely next argues that the district court erred when it refused to recognize him as an expert in the sanitization of food utensils and serving trays. K.S.A. 2015 Supp. 60-456 governs the admission of expert testimony. K.S.A. 2015 Supp. 60-456(b) states:

> "If scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue, a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise if: (1) The testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has reliably applied the principles and methods to the facts of the case."

"The qualification of an expert witness and the admissibility of expert testimony are both matters within the broad discretion of the trial court." *Manhattan Ice & Cold Storage v. City of Manhattan*, 294 Kan. 60, 70, 274 P.3d 609 (2012). We review the admission or exclusion of expert testimony under K.S.A. 2015 Supp. 60-456 for an abuse of discretion. *Pullen v. West*, 278 Kan. 183, 210-11, 92 P.3d 584 (2004). "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert denied* 134 S. Ct. 162 (2013).

In this case, Snavely filed an "Expert Affidavit" in which he declared himself to be an expert on the sanitary requirements of food service implements and equipment surfaces that come into contact with food. According to Snavely, his "expert status derives from two years of employment as a 'Food Grade TIG . . . Welder Technician.'" Snavely does not state in his affidavit the knowledge, skill, experience, training, or education necessary to become a "'food grade'" welder or how that relates to the

6

sanitization of plastic eating utensils and serving trays. The affidavit is completely devoid of any information that would allow the district court to qualify Snavely as an expert. The affidavit is nothing more than a request by Snavely to be qualified as an expert simply because he declared himself to be an expert. The district court did not abuse its discretion when it elected not to qualify Snavely as an expert.

Affirmed.