NOT DESIGNATED FOR PUBLICATION

No. 128,384

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FREDERICK WILLIAM FRITZ IV,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF CORRECTIONS, and
TOMMY WILLIAMS, WARDEN,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Submitted without oral argument. Opinion filed August 29, 2025. Affirmed in part and dismissed in part.

*Joshua S. Andrews*, of Cami R. Baker & Associates, P.A., of Augusta, for appellant.

*Elizabeth Fowler*, legal counsel, Kansas Department of Corrections, for appellees.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: In order to avoid summary dismissal of a petition filed under K.S.A. 60-1501 contesting the conditions of confinement, an inmate must allege shocking and intolerable conduct of a constitutional stature. Frederick William Fritz IV appeals the Butler County District Court's summary dismissal of his petition. He alleges that insufficient out-of-cell recreation time and use of a safety sleep system in lieu of traditional bedding met the required standard of shocking and intolerable conduct justifying removal of those conditions of his confinement.

1

But after a review of the record we find that Fritz cannot establish that the out-of-cell recreation time that El Dorado Correctional Facility offers him is constitutionally deficient. Furthermore, his claim that his new bedding does not provide adequate warmth is moot. Therefore, he cannot meet his burden to establish shocking and intolerable conduct that would allow him relief. Thus, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL HISTORY

Fritz is serving a life sentence stemming from multiple crimes he committed in 2009, including first-degree murder. He is housed in the restrictive housing unit at El Dorado Correctional Facility (EDCF).

After exhausting his administrative remedies, Fritz filed a petition for a writ of habeas corpus. He alleged that EDCF staff had deprived him of his rights in two ways. First, he alleged that EDCF had violated his constitutional protections against cruel and unusual punishment by replacing all bedding in his unit with safety sleep systems. He claimed that the replacement bedding prevented him from staying warm while sleeping and that EDCF guards had confiscated his bedding by "force and threats of violence." According to Fritz' petition, the bedding change was mandatory for all inmates in the unit, regardless of whether an individual inmate had a history of self harm or mental health issues.

Second, Fritz claimed that EDCF had violated his rights by depriving him of adequate out-of-cell recreation time. He alleged that EDCF staff allowed him out of his cell for three hours per week—two hours short of the five hours per week required by state and federal standards.

The district court issued a writ of habeas corpus, which the State moved to dismiss explaining that the Kansas Department of Corrections (Department) adopted the safety

sleep systems to address the mental health needs of its residents, particularly those in the restrictive housing unit, like Fritz. The motion also claimed that Fritz was able to exercise regularly and any restrictions to his yard time were the remnants of COVID-19 protocols and emergency staffing levels at EDCF. Fritz filed a response to the State's motion and in turn, the State filed a response to Fritz' supplemental pleading.

After reviewing Fritz' motion and the various responses of the parties, the district court issued an order dissolving the writ and dismissing Fritz' case. The district court ruled that Fritz had not established that his grievances were atypical or created an undue hardship beyond the "normal incidents of prison life." Fritz timely appealed.

ANALYSIS

1.      *Our standard of review is de novo.*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." 315 Kan. at 173; see K.S.A. 2024 Supp. 60-1503(a). When a district court dismisses a detainee's K.S.A. 60-1501 petition based only on the motions, files, and records without taking evidence, that decision is reviewed de novo. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). The inmate alleging a violation of constitutional rights carries the burden of proof. *Denney*, 315 Kan. at 177.

The district court is authorized to summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." K.S.A. 2024 Supp. 60-1503(a). To

avoid summary dismissal, the allegations must be of a constitutional stature. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412 (1998). In determining whether this standard is met, courts must accept the facts alleged by the inmate as true. *Foy v. Taylor*, 26 Kan. App. 2d 222, 223, 985 P.2d 1172 (1999).

2.     *Fritz has not shown that the amount of time EDCF allows him out of his cell for recreational activities amounts to shocking or intolerable conduct.*

An inmate is entitled to certain rights while imprisoned, including a reasonable opportunity for physical exercise. *Levier v. State*, 209 Kan. 442, 448, 497 P.2d 265 (1972). To establish that limited exercise time has violated a prisoner's right to be free from cruel and unusual punishment under the Eighth Amendment, a prisoner must demonstrate that the alleged deprivation is sufficiently serious under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Additionally, a prisoner must establish that a prison official has a sufficiently culpable state of mind, meaning the official subjectively knows of and disregards an excessive risk to inmate health or safety. 511 U.S. at 834, 837.

Fritz contends that the four days per week of outside yard time EDCF affords him falls short of Department policy. In support of his claim, he points to the Department's Internal Management Policy and Procedure (IMPP) 20-101A which states that residents in restrictive housing "shall be allowed to exercise outside the cell, if desired, for at least one (1) hour per day and at least five (5) days per week unless circumstances such as an emergency or extreme weather make such exercise periods impractical or dangerous." Fritz acknowledges that the decrease in yard time initially began in response to COVID-19, but he argues that EDCF's continued inability to follow its own policy regarding out-of-cell recreation time amounts to cruel and unusual punishment. He maintains that taking his allegations as true, the district court erred by summarily dismissing his petition without an evidentiary hearing and asks this court to reverse.

4

The State concedes that at the time Fritz filed his petition, EDCF only allowed residents in restrictive housing out of their cells three days per week with one of those days designated solely for outdoor recreation. But it notes that since January 2024, residents in restrictive housing have returned to outdoor yard time four days per week, subject to weather and staffing levels. It argues that any violation of the five days per week required by IMPP 20-101A, on its own, does not establish a constitutional violation warranting an evidentiary hearing. Thus, it asks this court to affirm.

In its order dismissing Fritz' petition, the district court noted that the record showed that "while there are times where weather conditions and staffing shortages occasionally affect the frequency of outdoor exercise, [Fritz] does in fact have frequent outdoor time as conditions allow." The district court further found that although Fritz preferred increased yard and activity time, "his preference or opinion on what he believes would be a 'constitutional' number of outside exercise days is not the measure. Atypical and extreme hardship is." Because Fritz had not demonstrated that EDCF had denied him all opportunities for exercise, the district court ruled that he had not demonstrated extreme or atypical hardship that warranted an evidentiary hearing on his petition.

Here, Fritz points to EDCF's failure to comply with its own policy, IMPP 20-101A, as proof that his constitutional right to exercise was violated. But a violation of Department regulations does not, by itself, mean that there has been a constitutional violation. See *Hogue v. Bruce*, 279 Kan. 848, 855-56, 113 P.3d 234 (2005) (mere fact that prison officials did not follow Department regulations in prison discipline case did not itself violate fundamental fairness that rises to unconstitutional level). And although Fritz' brief on appeal alleges that "he is not receiving outdoor yard time," this claim is inconsistent with his claims in his petition which alleged that EDCF allowed "only one day outside for one hour and two days of indoor recreation for one hour each—A total of 3 hours a week out of cell recreation."

5

Even if this court takes Fritz' claim as true that EDCF allowed him only three hours of out-of-cell recreation time instead of the four hours alleged by the State, he has still failed to establish an Eighth Amendment violation. Although Kansas courts have not directly addressed the issue of exercise time, the Tenth Circuit has held that one hour per week of outdoor exercise, while restrictive, satisfies the demands of the Eighth Amendment. *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987). Here, EDCF provides Fritz out-of-cell recreation time as weather and staffing levels allow and in excess of the one hour per week that federal courts appear to require. Thus, the district court did not err by dismissing Fritz' K.S.A. 60-1501 petition.

Because the amount of exercise time offered to Fritz by EDCF complies with the Eighth Amendment under federal caselaw, he has failed to demonstrate shocking or intolerable conduct that would entitle him to relief on this claim. Therefore, we affirm the district court's ruling on this issue.

3.  *Because EDCF utilizes safety sleep systems only for residents actively experiencing a mental health crisis, Fritz' claim that his bedding amounts to cruel and unusual punishment is moot.*

Fritz next argues that the safety sleep systems provided by EDCF are inadequate. He maintains that the sleep system does not provide for adequate warmth in his cell. He also claims that the forced use of the safety sleep systems on residents who are not actively experiencing a mental health crisis has created mental health issues for the inmates and that mental health professionals who work in the restrictive housing unit oppose EDCF's use of the sleep system. Fritz alleges that the safety sleep systems create inhumane conditions of confinement that amount to cruel and unusual punishment. He asks that this court reverse the district court's dismissal of his petition and remand the bedding issue for an evidentiary hearing.

6

The State argues that Fritz' claim regarding the safety sleep system is now moot. In the alternative, the State maintains that EDCF's adoption of the safety sleep system does not implicate Fritz' constitutional rights. It contends that EDCF adopted the safety sleep system, in part, to address concerns for residents' safety and Fritz' complaints of the safety sleep system fall short of cruel and unusual punishment. Thus, it asks this court to affirm the district court's dismissal of Fritz' petition.

Kansas appellate courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). "A case is moot when a court determines that it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *State v. Phipps*, 320 Kan. ___, Syl. ¶ 2, 570 P.3d 1240 (2025). The party asserting mootness generally bears the initial burden of establishing that a case is moot in the first instance. *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020), *overruled on other grounds by Phipps*, 320 Kan. ___.

The State has provided this court with an affidavit from the Deputy Warden of Support Services at EDCF stating that as of November 2024, prison officials only assign safety sleep systems to "crisis level residents" and that all other EDCF residents, including those in restrictive housing like Fritz, are issued traditional bedding sets. There is no evidence in the record on appeal that Fritz is suffering from a mental health crisis that would warrant replacement of his bedding with the safety sleep system. Nor has Fritz filed a reply brief to dispute the State's argument. For these reasons, the State has met its burden to establish that Fritz' bedding claim is moot—he is no longer assigned the safety sleep system. Thus, this court need not consider the merits of his argument that the safety sleep system violates the Eighth Amendment's prohibition on cruel and unusual punishment.

Because Fritz' claim regarding his bedding is now moot, this court no longer has jurisdiction over it. See *Phipps*, 320 Kan. ___, Syl. ¶ 3. Thus, we must dismiss his claim as it pertains to his bedding.

Affirmed in part and dismissed in part.