FILED
United States Court of Appeals
Tenth Circuit

April 29, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NOBLE L. JOHNSON,

      Petitioner - Appellant,

v.

KANSAS PAROLE BOARD,

      Respondent - Appellee.

No. 10-3329
(D.C. No. 5:10-CV-03126-SAC)
(D. Kan.)

**ORDER**
**GRANTING LIMITED PANEL**
**REHEARING**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

On April 11, 2011, the court issued its Order Denying a Certificate of

Appealability in this case. The appellant, Noble L. Johnson, filed a motion for

reconsideration that is construed as a petition for panel rehearing pursuant to Fed. R. App.

P. 40.

The panel grants rehearing for the limited purpose of adding an additional footnote

to the court's previous decision, which otherwise remains unchanged. The previous

Order Denying a Certificate of Appealability is vacated and the attached Order Denying a

Certificate of Appealability is substituted in its place.

Entered for the Court
ELISABETH A. SHUMAKER
Clerk of Court


by:
Douglas E. Cressler


Chief Deputy Clerk

2

FILED
United States Court of Appeals
Tenth Circuit

April 11, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NOBLE L. JOHNSON,

      Petitioner-Appellant,

v.

KANSAS PAROLE BOARD,

      Respondent-Appellee.

No. 10-3329
(D.C. No. 5:10-CV-03126-SAC)
(D. of Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Noble Johnson, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his habeas petition under

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Johnson is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

28 U.S.C. §§ 2241 and 2254.  After careful review of the record, we conclude that Johnson has not exhausted his remedies under state law and that his claims fail on the merits.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny his request for a COA and dismiss this appeal.

## I.  Background

Johnson is currently serving two consecutive sentences of fifteen years to life at the Lansing Correctional Facility.[2]  He has appeared before the Kansas Parole Board (KPB) numerous times and each time been denied parole.  In its most recent denial, the KPB exercised its statutory prerogative under KAN. STAT. ANN. § 22-3717 to defer the next parole hearing ten years, rather than the usual period of one or three years.  The KPB explained its decision as follows:

> After considering all statutory factors, the decision of the [KPB] is:  Pass to March 2017.  Pass Reasons:  serious nature/circumstances of crime; violent nature of crime; objections to parole.  Extended Pass Reasons:  Inmate has been sentenced for a class A or B felony or an off grid felony and the board makes a special finding that a subsequent parole hearing should be deferred for ten (10) years, because it is not reasonable to expect that parole would be granted at a hearing if held before then, for the reasons indicated below: inmate needs continued structure and community resources cannot provide sufficient support to meet these needs and to provide for public safety.

---

[2] We rely on the decisions of the Kansas Supreme Court, *Kansas v. Johnson*, 573 P.2d 994, 996 (Kan. 1977), and the Kansas Court of Appeals, *Johnson v. Kan. Parole Bd.*, No. 99,552, 191 P.3d 1136, 2008 WL 4239117, at *1 (Kan. Ct. App. Sept. 12, 2008), for our information regarding Johnson's sentence.  In a motion for reconsideration, Johnson asserts that this information is incorrect, and that his sentences are concurrent and not consecutive.  Because this point does not affect the disposition of Johnson's appeal, we do not resolve the dispute.

*Johnson v. Kan. Parole Bd.*, No. 99,552, 191 P.3d 1136, 2008 WL 4239117, at *1 (Kan. Ct. App. Sept. 12, 2008) (quoting the KPB decision).

Johnson challenged the KPB disposition in Kansas state court. The court denied his petition. Johnson unsuccessfully appealed the denial to the Kansas Court of Appeals (KCA).

He then brought this habeas petition in federal district court. The district court found that Johnson did not exhaust his remedies in state court and that, in any case, Johnson failed to state a viable federal claim. The court issued an order to show cause why the petition should not be dismissed. Johnson responded by filing a motion for reconsideration. The court denied the motion and dismissed the claim. The court subsequently denied Johnson's request for a COA.

Johnson now seeks a COA from this court to enable him to appeal the denial of his habeas petition. He raises the following constitutional arguments on appeal: (1) the KPB proceedings violated the Due Process Clause, (2) the KPB's application of § 22-3717 to Johnson violated the Ex Post Facto Clause, and (3) the KPB decision violated the Equal Protection Clause. He also requests to proceed *in forma pauperis*.

## II. Discussion

A challenge to the denial of parole is an attack on the execution of the sentence and is properly brought under § 2241, rather than § 2254. *Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001); *see also Powell v. Ray*, 301 F.3d 1200, 1201 (10th Cir. 2002). We will therefore treat the petition as arising under § 2241.

3

Without a COA, we lack jurisdiction to consider the merits of a state prisoner's habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Johnson must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

Having thoroughly reviewed the record, we conclude Johnson is not entitled to a COA on any of the issues he seeks to pursue on appeal. As a threshold matter, we recognize Johnson did not make the equal protection claim in the district court. This claim is therefore waived. As a general rule, we will not consider issues on appeal that were not raised in the habeas petition before the district court. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999); *see also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721–22 (10th Cir. 1993).

As for Johnson's remaining claims, we find they must fail for substantially the same reasons articulated by the district court.

**A. Exhaustion**

The district court concluded that Johnson failed to exhaust his remedies in state court and, further, that he made no showing of cause and prejudice to excuse procedural default. We agree.

Before filing a federal habeas corpus petition, an inmate must exhaust the available state remedies. *See Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court . . . ." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It appears from the record that Johnson did not seek timely review of the KCA decision to the Kansas Supreme Court. He has therefore failed to exhaust his state remedies.

Generally, when a petitioner fails to exhaust his state court remedies, the federal habeas petition should be dismissed to allow the petitioner to return to state court to pursue those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). But the Supreme Court has held if "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus review. *Coleman*, 501 U.S. at 735 n.1; *see also Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992). Federal habeas corpus review of procedurally barred issues is precluded "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Because the KCA decision was issued in 2008, it is clear Johnson's appeal to the Kansas Supreme Court is now time-barred. Johnson's claims are thus procedurally

5

defaulted for purposes of federal habeas corpus review. We must therefore consider whether Johnson has offered grounds to excuse the procedural default. Johnson's sole argument on this point is that his attorney in the state appeal failed to notify him of the KCA's decision and that he only learned of the decision a year and a half after it was published. In other words, Johnson contends ineffective assistance of counsel was the cause of his default. But prisoners have no constitutional right to counsel in post-conviction applications for relief. *See id.*, 501 U.S. at 757. And where the petitioner had no right to counsel in the state proceeding, "any attorney error that led to the default of [the petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas." *Id.* We therefore find that Johnson has not shown cause and prejudice for his procedural default and that his claims are barred.

## B. Failure to State a Federal Claim

Although the district court found Johnson's claims were procedurally barred, it also dismissed the due process and ex post facto claims on the merits. We agree with the court's conclusions.

### 1. Due Process Claims

Johnson argues the KPB denied him due process because it relied on objections to his parole without specifying the source and basis of the objections and because it acted in an arbitrary and capricious manner.

To make a claim for denial of due process in violation of the Fourteenth Amendment, a plaintiff must show the deprivation of a protected liberty or property

6

interest.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  Although the Due Process Clause does not grant a prisoner the right to parole, a state's parole statutes may, through the use of mandatory language, create a liberty interest that is entitled to due process protection.  *See Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994).  But the Kansas Supreme Court has held the Kansas parole statute is discretionary; it therefore does not create a protected liberty interest.  *See Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (1988) ("[Section] 22-3717 does not create a liberty interest in parole."); *see also* § 22-3717(g) ("[T]he Kansas parole board *may* release on parole those persons . . . who are eligible for parole." (emphasis added)).   Absent a liberty interest in parole, Johnson is not entitled to due process protection.  *See Malek*, 26 F.3d at 1016.

### 2. *Ex Post Facto Claim*

Next, Johnson contends the KPB's application of § 22-3717 to him violated the Ex Post Facto Clause, because the statute was only amended after his conviction to allow a ten-year deferral of parole hearings.

"One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones,* 529 U.S. 244, 249–50 (2000).  But "[w]hen the amendment creates only the most speculative and attenuated possibility of increasing the measure of punishment, it is insufficient under any threshold to violate the Ex Post Facto Clause.  *Henderson v. Scott*, 260 F.3d 1213, 1215 (10th Cir. 2001) (quotations omitted).

The Supreme Court has declined to "adopt a single formula for identifying which

7

legislative adjustments, in matters bearing on parole, would survive an ex post facto challenge." *Garner*, 529 U.S. at 252. Instead, the Supreme Court has identified the following factors as relevant to the inquiry: (1) whether the parole board has discretion to determine if an inmate is eligible for release, *id.* at 253; (2) whether the parole board has the authority to tailor the frequency of the parole hearings to a particular inmate's circumstances, *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 511 (1995); (3) whether the challenged statute permits an expedited parole review in the event the inmate's circumstances change, *Garner*, 529 U.S. at 254; (4) whether an administrative appeal is available, *Morales*, 514 U.S. at 513; and (5) the likelihood the plaintiff would be released on parole if he received a hearing sooner than his next scheduled hearing, *see id.* at 510–11.

In a prior unpublished decision, this court found § 22-3717 satisfied the first four factors listed above. *See Berry v. Scafe*, 16 F. App'x 948, 950–52 (10th Cir. 2001) (noting that, under the statute, the KPB has discretion to grant parole and to set the date of the next parole hearing, and further observing that the statute provides for expedited review and appeal). Although this order and judgment is not binding on us, it is persuasive. We also find the fifth factor weighs against Johnson's claim. Because Johnson was convicted of two violent murders and is currently serving two fifteen-year-to-life sentences, it is unlikely he would receive parole even if he were granted a hearing in three years. *See Morales*, 514 U.S. at 510 (upholding a similar California statute after observing "the likelihood of release on parole is quite remote" for those prisoners who

8

have been convicted of "more than one offense which involves the taking of a life." (quotation omitted)).  Accordingly, we conclude § 22-3717, as applied to Johnson, does not violate the Ex Post Facto Clause.

### III.  Conclusion

For the foregoing reasons we AFFIRM the dismissal of Johnson's habeas petition. We also GRANT Johnson's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge

9