FILED
United States Court of Appeals
Tenth Circuit

June 13, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GLENN A. HEATH,

    Petitioner - Appellant,

v.

JOE NORWOOD; KANSAS PRISON
REVIEW BOARD; ATTORNEY
GENERAL OF KANSAS,

    Respondents - Appellees.

No. 18-3206
(D.C. No. 5:17-CV-03114-DDC)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

Glenn A. Heath, a state inmate proceeding pro se,[1] requests a certificate of

appealability ("COA") to appeal from the district court's denial of his 28 U.S.C.

§ 2241 petition and also seeks leave to proceed *in forma pauperis* ("IFP").

Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Heath's request for a

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

[1]     Because Mr. Heath appears pro se, we afford his filings a liberal
construction, but we refrain from serving as his advocate. *See, e.g., Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Ford v. Pryor*, 552 F.3d 1174,
1178 (10th Cir. 2008).

COA and deny leave to proceed IFP.

# I

Mr. Heath, a Kansas inmate serving a term of life imprisonment, filed a § 2241[2] petition in the United States District Court for the District of Kansas challenging a decision of the Kansas Prisoner Review Board ("Review Board" or "Board") denying his parole request. Mr. Heath's petition attacked the Review Board's decision on three grounds.[3] First, that the Review Board denied him due process by acting arbitrarily and capriciously and by refusing to disclose the evidence on which it based its decision. Second, that the Board violated the Constitution's Equal Protection Clause by denying Mr. Heath parole even though it granted parole to similarly situated prisoners. And third, that the Board conditioned a grant of parole status on Mr. Heath asserting a government message—i.e., an admission of responsibility for his crime—and thus violated the First Amendment.

---

[2] Though Mr. Heath styled his petition as a § 2254 petition, the district court treated it as a § 2241 petition given that it challenged a parole board's decision to deny parole. *See United States v. Furman*, 112 F.3d 435, 438–39 (10th Cir. 1997). Mr. Heath has not objected to the court's characterization of his petition and, in fact, refers on appeal to his petition as falling under § 2241. Therefore, we see no need to further consider this matter and are content to also adopt the district court's characterization of the petition.

[3] The district court framed Mr. Heath's claims slightly differently than the petition itself. Because Mr. Heath's appellate brief does not object to the district court's framing, and because our review is directed first and foremost at the district court's ruling, we adopt the district court's framing here.

The district court denied Mr. Heath's petition, rejecting all three arguments. It rejected Mr. Heath's due-process argument because the Kansas parole statute does not create a liberty interest in parole and further rejected Mr. Heath's related contention that the Ninth Amendment creates a constitutional right to parole.

In rejecting Mr. Heath's equal-protection argument, the district court applied the "class of one" doctrine—through which an individual may establish an equal-protection violation by showing that a government actor discriminated against a *specific* individual, *see, e.g.*, *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688–89 (10th Cir. 2012)—and concluded that Mr. Heath could not meet either prong of the doctrine's two-part test.

Finally, rejecting Mr. Heath's First Amendment argument, the district court concluded that the Review Board's consideration of whether inmates have admitted responsibility for their crimes withstands strict scrutiny because it is narrowly tailored to serve the compelling interest of promoting rehabilitation.

After the district court refused to grant Mr. Heath a COA, Mr. Heath petitioned this court for one.[4] The district court subsequently denied Mr. Heath's

---

[4] A week after he filed his appellate brief, Mr. Heath sent the Tenth Circuit Clerk's Office a "Letter Rogatory." We have not considered the substance of this letter in our determination of whether to grant Mr. Heath a COA; countenancing such belated, supplemental filings would create an unworkable dynamic whereby parties could readily circumvent word limits on briefs. *See, e.g.*, *Bruce v. Clementi*, 720 F. App'x 955, 957 (10th Cir. 2018) (unpublished)

application for IFP status on appeal, reasoning that he has sufficient funds in his inmate trust account to prepay the appellate filing fees, *see* 28 U.S.C. § 1915(a)(1). Mr. Heath then filed in this court a motion to proceed IFP.

## II

## A

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[T]he only question" we consider in making this determination "is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ----, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

## B

Mr. Heath has not satisfied the requirements to obtain a COA; reasonable jurists could not disagree with the district court's resolution of his constitutional claims and could not conclude that the issues presented are adequate to deserve encouragement to proceed further. As the district court noted, and as the Kansas Supreme Court and panels of this court have held, the Kansas parole statute does

("[R]ules setting word limits on briefs are . . . necessary for the proper functioning of appellate courts.").

4

not create a liberty interest as would be required to maintain a due-process claim. *See, e.g.*, *Johnson v. Kan. Parole Bd.*, 419 F. App'x 867, 871 (10th Cir. 2011) (unpublished); *Gilmore v. Kan. Parole Bd.*, 756 P.2d 410, 415 (Kan. 1988). Additionally, it is beyond cavil that Mr. Heath does not have a liberty interest in specific procedures when the Review Board makes its discretionary parole determinations, *see, e.g.*, *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983) ("[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause."); *accord Pettigrew v. Zavaras*, 574 F. App'x 801, 810–11 (10th Cir. 2014) (unpublished), and it is further indisputable that the Ninth Amendment does not create a constitutional right to parole, *see, e.g.*, *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence . . . .").[5]

---

[5] Mr. Heath included as an apparent addendum to his appellate brief a document titled "Intervention De Droit-Droit By Real Party In Interest For Accord And Satisfaction of Res," Aplt.'s Opening Br. & COA Mot. at 21 (continuous pagination), through which he challenges, in abstract terms, the constitutionality of discretionary parole determinations made by statutorily created review boards. *See, e.g.*, *id.* at 25. This challenge must fail. First, the challenge was not made in Mr. Heath's § 2241 petition and, consequently, was not preserved for our review. *See, e.g.*, *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015). And, second, even setting aside this fatal preservation defect, Mr. Heath's challenge fails on the merits: the Supreme Court has repeatedly affirmed that "[a] state may . . . establish a parole system," including a system that "vests broad discretion" in a parole board. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 13 (1979).

5

Moreover, and as the district court highlighted, numerous differences exist between Mr. Heath and the Kansas inmates he cites as part of his equal-protection claim, including the amount of force exerted on the respective victims of their crimes, their willingness to admit responsibility for their crimes, and the amount of public opposition to their early release. Reasonable jurists thus could not disagree with the district court's determination that Mr. Heath did not satisfy the elements of a "class of one" equal-protection claim. *See Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216–17 (10th Cir. 2011) (explaining that the "substantial burden" of establishing a "class of one" claim requires a showing that the others were "similarly situated in *every* material respect" (emphasis added) (quoting *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1210 (10th Cir. 2006))).

Finally, reasonable jurists could not disagree with the district court's resolution of Mr. Heath's First Amendment claim. We assume for the sake of argument that, even as an inmate, Mr. Heath's First Amendment interests were implicated by the Board's policy regarding the admission of responsibility for past crimes. Nevertheless, reasonable jurists could not disagree with the district court's determination that the Review Board's consideration of whether a prospective parolee has admitted responsibility for his or her crime is narrowly tailored to serve the compelling interest of promoting rehabilitation. *See, e.g.,*

6

*McKune v. Lile*, 536 U.S. 24, 47 (2002) ("Acceptance of responsibility is the beginning of rehabilitation.  And a recognition that there are rewards for those who attempt to reform is a vital and necessary step toward completion.").

### III

Because reasonable jurists could not disagree with the district court's resolution of Mr. Heath's constitutional claims and could not conclude that the issues presented are adequate to deserve encouragement to proceed further, we **DENY** Mr. Heath's request for a COA and **DISMISS** this matter.  Furthermore, because Mr. Heath fails to specifically dispute the district court's careful determination that he has sufficient funds in his inmate trust account to prepay the appellate filing fees, we **DENY** leave to proceed IFP.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge