(904 P.2d 581)

No. 73,263

CHARLES M. TORRENCE, *Appellant*, v. KANSAS PAROLE BOARD
and JAMES FRANCISCO, *Appellees*.

Opinion
filed August 4, 1995.

*Charles M. Torrence*, appellant pro se.

*Matthew L. Bretz*, of Hutchinson, for appellees.

Before BRAZIL, C.J., PIERRON, J., and RICHARD B. WALKER, District Judge, assigned.

*Per Curiam*: Charles M. Torrence appeals from the dismissal of his petition for writ of habeas corpus. Torrence challenged a Kansas Parole Board (KPB) decision which denied him parole. We affirm.

Torrence is currently serving a sentence of 21 years to life for aggravated robbery. After an unsuccessful hearing with the KPB, Torrence was given written recommendations regarding his rehabilitation and the reasons for the KPB's decision. Torrence requested reconsideration twice. Finally, he filed a petition for writ of habeas corpus. The district court granted the KPB's motion for summary judgment/motion to dismiss. Torrence appeals from that decision.

"A habeas corpus action is the appropriate procedure for reviewing decisions of the parole board. However, because parole is a privilege, a matter of grace exercised by the KPB, this court's review of the denial of parole is limited to whether the KPB complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994).

In the notice of its decision not to grant Torrence parole, the KPB set forth the following reasons: the serious nature and circumstances of the crime (aggravated crime), Torrence's history of criminal activities, the fact that Torrence has been imprisoned five times, and the fact that there were civilian objections to him being granted parole. In addition, the KPB recommended that Torrence complete several programs including: (1) substance abuse treatment, (2) substance abuse treatment aftercare, and (3) mental health counseling.

While Torrence does not deny that he received notice of the reasons he was denied parole, he questions the KPB's compliance with K.S.A. 1993 Supp. 22-3717(k). The relevant portion of the statute mandates that the KPB "state in detail the specific reasons for not granting the parole." In addition, the circumstances of the offense, the previous criminal history of the inmate, and comments of the victim are listed as factors which the KPB must consider at a parole hearing. K.S.A. 1993 Supp. 22-3717(h). Torrence argues that the reasons given do not meet the level of specificity required in the statute. Therefore, this is an issue of statutory construction. "The interpretation of a statute is a question of law. The function of the court is to interpret the statute, giving it the effect intended by the legislature." *State ex rel. Stephan v. Kansas Racing Comm'n*, 246 Kan. 708, 719, 792 P.2d 971 (1990). " 'The final construction of a statute rests within the courts.' " *National Collegiate Realty*

*Corp. v. Board of Johnson County Comm'rs*, 236 Kan. 394, 404, 690 P.2d 1366 (1984).

The reasons given by the KPB for its denial of parole are consistent with those approved by the Supreme Court in *Gilmore v. Kansas Parole Board*, 243 Kan. 173, 175-76, 756 P.2d 410, *cert. denied* 488 U.S. 930 (1988), and those approved by this court in *Payne v. Kansas Parole Board*, 20 Kan. App. 2d at 307. Therefore, the KPB's stated reasons for not granting parole are sufficiently specific to comply with K.S.A. 1993 Supp. 22-3717(k) as interpreted by the appellate courts of this state.

Torrence's next claim of error is that one of the KPB's members is a political figure and therefore has a conflict of interests. In its brief, the KPB argues that, because the scope of review of KPB decisions by the courts is limited to reviewing the KPB's compliance with statutory requirements, Torrence's contention that James Francisco is an improper member of the KPB is not an issue which may be addressed by the court in considering his petition for writ of habeas corpus. We agree. K.S.A. 1993 Supp. 22-3710 states: "The orders of the parole board shall not be reviewable except as to compliance with the terms of this act or other applicable laws of this state." Therefore, absent allegations of a specific statutory violation, the motivations of individual board members cannot be scrutinized by this court.

While Torrence's brief raises several other issues, they were not addressed at the district court level. "A defendant cannot raise points on appeal which were not presented to the trial court." *State v. Johnson*, 253 Kan. 75, 91, 853 P.2d 34 (1993).

"Where it appears beyond a doubt that a petitioner can prove no set of facts which would entitle the petitioner to relief, a trial court may summarily dismiss a habeas corpus petition for failure to state a claim for which relief could be granted." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d at 308. Torrence alleges no facts upon which the district court could have granted the relief requested. The district court did not err in dismissing the petition.

Affirmed.