(3 P.3d 572)

No. 83,262

ROBIN BRANSON, *Appellant*, v. DAVID R. MCKUNE, *et al.*, *Appellees*.

Opinion filed March 31, 2000.

*Linda S. Mock*, of Leavenworth, for the appellant.

*James W. Coder*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellees.

Before KNUDSON, P.J., PIERRON, J., and VAN HAMPTON, District Judge, assigned.

PIERRON, J.: Appellant Robin Branson appeals from an order dismissing his K.S.A. 1998 Supp. 60-1501 petition for habeas corpus relief following the Kansas Parole Board's (Board) decision to pass him for a period of 10 years pursuant to K.S.A. 1998 Supp. 22-3717(j). Appellant was convicted of two counts of murder in 1984 and received a 15-year to life sentence. After serving 15 years, appellant became eligible for parole and was brought before the Board on December 1, 1998. The Board rendered the following action notice denying appellant parole:

" 'After considering all the statutory factors contained in KSA 22-3717, the decision of the KPB is as follows: Pass. to January, 2009. Pass reasons: Serious and violent nature and circumstances of the crime, objections regarding parole, disciplinary reports. Inmate has been sentenced for a class A or B felony or an off grid felony and the board makes a special finding that a subsequent parole hearing should be deffered [*sic*] for 10 years, because it is not reasonable to expect that parole would be granted at a hearing if held before then, for the reasons indicated: Extended pass reasons: Two (2) cold blooded killings, strong public and official opposition to parole.' "

On January 11, 1999, appellant filed a K.S.A. 1998 Supp. 60-1501 petition for writ of habeas corpus alleging K.S.A. 1998 Supp. 22-3717, as amended subsequent to 1984 and as applied to him, violated the ex post facto prohibitions of the United States Con-

stitution because the statute utilizes a more rigorous standard for determining parole eligibility.

The district court dismissed appellant's petition, holding K.S.A. 1998 Supp. 22-3717 is a procedural statute, and it is not affected by ex post facto provisions of the United States Constitution.

Appellant first contends the application of K.S.A. 1998 Supp. 22-3717, as amended, violates the Ex Post Facto Clause of the United States Constitution by allowing the Board to pass consideration of appellant for 10 years. Appellant acknowledges this court has previously determined that K.S.A. 22-3717 is procedural and not subject to the prohibitions of the Ex Post Facto Clause in *Bookless v. McKune,* 22 Kan. App. 2d 829, Syl. ¶ 4, 926 P. 2d 661, *rev. denied* 260 Kan. 991 (1996), and *Lamb v. Kansas Parole Board,* 15 Kan. App. 2d 606, 812 P.2d 761 (1991). However, appellant urges reconsideration of this determination.

K.S.A. 1998 Supp. 22-3717(j) states:

"If parole is denied for an inmate sentenced for a class A or class B felony or an off-grid felony, the board shall hold another parole hearing for the inmate not later than three years after the denial unless the parole board finds that it is not reasonable to expect that parole would be granted at a hearing if held in the next 10 years or during the interim period of a deferral. In such case, the parole board may defer subsequent parole hearings for up to 10 years but any such deferral shall require the board to state the basis for its findings."

In granting summary judgment, the district court relied primarily on *California Dept. of Corrections v. Morales,* 514 U.S. 499, 131 L. Ed. 2d 588, 115 S. Ct. 1597 (1995), to determine whether the statute violated the Ex Post Facto Clause. In *Morales,* defendant was convicted of murder on two occasions. Under the law in place when defendant committed the second murder, he would have been entitled to parole hearings on an annual basis. However, the law was amended and the parole board was authorized to defer subsequent hearings for up to 3 years if the prisoner had been convicted of more than one instance of taking a life and the board " 'finds that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding.' " 514 U.S. at 503 (quoting Cal. Penal Code § 3041.5(b)(2) [West 1982]). Morales argued this amendment con-

stituted an Ex Post Facto law in violation of the Constitution. 514 U.S. at 504.

The United States Supreme Court held this statute did not increase the punishment for criminal acts by allowing for a longer period of time between parole hearings. 514 U.S. at 505. The Court stated: "The amendment creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the *Ex Post Facto* Clause." 514 U.S. at 509. The Court held the statute did not violate the clause because (1) it only applied to a small class of prisoners for whom the likelihood of parole was remote; (2) it did not affect the prisoner's initial parole eligibility determination, and it only affected subsequent parole hearings; and (3) the board retained the authority to tailor the frequency of the hearings and could allow an expedited hearing if circumstances warranted. 514 U.S. at 510-11.

The district court in this case held that the Kansas statute was similar to the California statute in *Morales,* and the statute "does not have the purpose and effect of enhancing the range of available prison terms, but rather the statute merely alters the method to be followed in fixing a parole hearing." Appellant concedes *Morales* is controlling and his circumstances do not fall under the first two factors considered by the court. However, appellant argues K.S.A. 22-3710 prohibits judicial review of the actions of the parole board except when in compliance with applicable statutes, and "K.S.A. 22-3717(j) allows the preclusion of a request for an expedited hearing by its very language if a finding is made that the inmate would not be granted parole if a hearing were held at any time during the next 10 years."

Appellant argues this "safety valve" of an expedited hearing is missing under Kansas law. However, his argument is in error because he is misinterpreting the requirement of the third factor in *Morales.* K.S.A. 22-3710 sets the standards for judicial review of parole board actions, and it has nothing to do with the Kansas Parole Board allowing an expedited hearing if necessary. The third factor in *Morales* deals specifically with the ability of the board to

conduct an expedited hearing, and it is not concerned with judicial review of the board's actions.

Further, express language in the statutes allowing an expedited hearing by the parole board is not required. The district court in this case cited to *Raymer v. Enright*, 113 F.3d 172 (10th Cir.), *cert. denied* 522 U.S. 872 (1997), which discusses the third factor that the parole board has the authority to allow an expedited hearing. In *Raymer*, the United States Court of Appeals for the Tenth Circuit used the analysis provided by *Morales* to uphold a parole hearing deferment statute similar to the California statute in *Morales* and K.S.A. 1998 Supp. 22-3717(j). 113 F.3d at 174-76. Raymer argued Colorado law did not specifically provide authority for the parole board to hold an expedited hearing under the third *Morales* factor. However, the Tenth Circuit noted:

"The *Morales* Court also stated that if a drastic change of circumstances rendered a prisoner suitable for parole between hearings, an expedited hearing was possible. See 514 U.S. at 510-12, 115 S. Ct. at 1604. Plaintiff argues Colorado has no such provision, but apparently neither did California; it was merely a possibility. *Id.* at 524 n. 9, 115 S. Ct. at 1610 n. 9 (Stevens, J., dissenting)." 113 F.3d at 175.

Thus, as long as a possibility of the expedited hearing exists under Kansas law, K.S.A. 1998 Supp. 22-3717(j) does not violate the Ex Post Facto Clause. Kansas law does not preclude an expedited hearing from occurring. Thus, appellant's argument fails.

Appellant next argues K.S.A. 1998 Supp. 22-3717 violates the Ex Post Facto Clause by failing to require specific reasons for passing the appellant for a period in excess of 2 years. The State argues appellant generally raised the ex post facto issue; however, this court should not consider the issue because he did not specifically raise the issue of whether the reasons used by the Board to justify the 10-year pass were ex post facto violations. While appellant did not raise this issue in his pro se petition, his appointed counsel did raise this issue in his response to the State's motion to dismiss. The district court did not specifically rule on this issue. As appellant did raise the issue below, we will consider it.

K.S.A. 1998 Supp. 22-3717(j) provides that if the parole board defers subsequent parole hearings for up to 10 years then "any such deferral shall require the board to state the basis for its find-

ings." Appellant contends the *Morales* court required specific factual findings to support the parole board's decision to defer subsequent hearings for an extended period, and K.S.A. 1998 Supp. 22-3717(j) only "requires that the parole board state the basis for its deferral but does not require specificity."

The *Morales* court did not require any type of specific findings to keep the statute from violating the Ex Post Facto Clause. In fact, the Court noted under Cal. Penal Code § 3041.5(b)(2) (West 1982) the parole board must conduct a full hearing and review of all relevant facts and "state the bases for its finding." 514 U.S. at 511. Under the plain language of these statutes, the California statute requires no more specificity than the Kansas statute.

Appellant also contends "the parole board should be required to articulate specific facts and that said facts should relate not just to the crime which he committed but his present attitude and condition, specifically as it relates to rehabilitation" as mandated under K.S.A. 75-5201 *et seq.* Appellant argues the parole board's focus has turned from rehabilitation assessment to punishment.

K.S.A. 1998 Supp. 22-3717(h)(2) requires the Board to consider among other things:

"all pertinent information regarding such inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and attitude of the inmate in prison; the reports of such physical and mental examinations as have been made; comments of the victim and the victim's family; comments of the public; official comments; and capacity of state correctional institutions."

The Kansas Supreme Court has held:

"[T]he nature of the crime is a consideration to be taken into account and thus can be cited as a reason for denial of parole. . . . The acts of one person in committing an offense may be quite different and much less or much more shocking and heinous than the acts of another person in committing the same statutorily defined offense." *Gilmore v. Kansas Parole Board,* 243 Kan. 173, 177, 756 P.2d 410 (1988), *cert. denied* 488 U.S. 930 (1988).

Further, this court seems to have approved similar language used by the Board in this case in denying parole in *Torrence v. Kansas Parole Board,* 21 Kan. App. 2d 457, 458-59, 904 P.2d 581

(1995). In *Torrence*, the parole board denied appellant parole based on the following reasons: "the serious nature and circumstances of the crime (aggravated crime), Torrence's history of criminal activities, the fact that Torrence has been imprisoned five times, and the fact that there were civilian objections to him being granted parole." 21 Kan. App. 2d at 458. This court held the reasons given by the parole board were consistent with those approved by the Kansas Supreme Court in *Gilmore*, and they complied with K.S.A. 1993 Supp. 22-3717(k). 21 Kan. App. 2d at 459.

The reasons given by the Board clearly fall under the mandates of K.S.A. 1998 Supp. 22-3717(j) and Kansas case law. Thus, appellant's argument fails.

Affirmed.