(50 P.3d 1063)
No. 88,251

THEODORE C. KNAPP, *Appellant*, v. MICHAEL A. NELSON,
THE KANSAS PAROLE BOARD, *et al.*, *Appellants*.

Opinion filed
August 2, 2002.

*Theodore C. Knapp*, appellant pro se.

*Michelle A. Davis*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellees.

Before PIERRON, P.J., ELLIOTT, J., and PATRICK D. MCANANY, District Judge, assigned.

PIERRON, J.: Theodore C. Knapp is currently serving two consecutive life sentences for first-degree murder.

On September 12, 1996, the Kansas Parole Board (KPB) denied Knapp's parole and deferred his next parole hearing for 5 years, or until 2001. After more than 30 days from the last action by the KPB, he filed a K.S.A. 60-1501 petition in the district court. The court dismissed the action because Knapp's petition was filed outside the 30-day limitation provided in K.S.A. 1996 Supp. 60-1501(b). On appeal, this court affirmed the district court. *Knapp v. Nelson*, Case No. 81,089, unpublished opinion filed July 9, 1999.

The KPB last heard Knapp's case on August 21, 2001, and issued an action notice on August 27, 2001:

"After considering all statutory factors contained in KSA 22-3717, the decision of the KPB is: Pass to September 2006. Pass reasons: serious nature/circumstances of the crime(s); violent nature of the crime(s); denies responsibility; objections to parole. Extended pass reasons: Inmate has been sentenced for a class A or B felony or an off-grid felony and the board makes a special finding that a subsequent parole hearing should be deferred for 5 years, because it is not reasonable to expect that parole would be granted at a hearing if held before then, for the reasons indicated below: offender denies any responsibility for crimes; time served

is not considered sufficient for the loss of two (2) lives and any less time served would diminish the value of the victims' lives."

On September 27, 2001, Knapp filed a K.S.A. 2001 Supp. 60-1501 petition challenging the KPB ruling which passed him for parole until 2006. He claimed the KPB ruling was arbitrary and capricious and violated applicable statutes and the Ex Post Facto Clause of the United States Constitution.

On November 16, 2001, the district court summarily dismissed the petition for failure to state a claim upon which relief could be granted and assessed costs to the petitioner.

Knapp brings this habeas corpus action to argue that K.S.A. 2001 Supp. 22-3717, as amended, violates the Ex Post Facto Clause of the United States Constitution by allowing the KPB to pass consideration of him for 5 years. Knapp argues that the statute in effect when he committed his crimes is applicable, and the KPB's failure to follow the old statute resulted in an arbitrary and capricious decision.

State legislatures are prohibited from enacting an ex post facto law. United States Constitution., Art. I, § 10, cl. 1. The Ex Post Facto Clause bars enactments which, by retroactive operation, increase the punishment for a crime after its commission. *Collins v. Youngblood*, 497 U.S. 37, 42, 111 L. Ed. 2d 30, 110 S. Ct. 2715 (1990).

" 'A habeas corpus action is the appropriate procedure for reviewing decisions of the parole board. However, because parole is a privilege, a matter of grace exercised by the KPB, this court's review of the denial of parole is limited to whether the KPB complied with applicable statutes and whether its action was arbitrary and capricious.' [Citation omitted.]" *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, 458, 904 P.2d 581 (1995).

Knapp fails to cite which particular version of the statute is applicable to him. Prior to 1995, the relevant part of K.S.A. 22-3717(k) (now [j]) stated: "If parole is denied for an inmate sentenced for a class A or class B felony, the board shall hold another parole hearing for the inmate not later than three years after the denial and shall conduct an annual file review for such inmate."

Following the 1996 legislative changes, the relevant part of K.S.A. 2001 Supp. 22-3717(j) now reads:

"If parole is denied for an inmate sentenced for a class A or class B felony or an off-grid felony, the board shall hold another parole hearing for the inmate not later than three years after the denial unless the parole board finds that it is not reasonable to expect that parole would be granted at a hearing if held in the next 10 years or during the interim period of a deferral. In such case, the parole board may defer subsequent parole hearings for up to 10 years but any such deferral shall require the board to state the basis for its findings."

As a general rule of statutory construction, a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. However, there is an exception to the general rule. If the statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively. *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001).

Knapp's argument that the statute violates the Ex Post Facto Clause is without merit. We have previously determined that K.S.A. 2001 Supp. 22-3717(j) is procedural and not subject to the prohibitions of the Ex Post Facto Clause. *Branson v. McKune*, 27 Kan. App. 2d 301, 302, 3 P.3d 572 (2000); *Bookless v. McKune*, 22 Kan. App. 2d 829, 926 P. 2d 661, *rev. denied* 260 Kan. 991 (1996); *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, 812 P.2d 761 (1991).

Since the changes to the statute were procedural, K.S.A. 2001 Supp 22-3717(j) applies retroactively and Knapp is not entitled to a parole review every 3 years. The decision of the KPB to defer parole for 5 years was not arbitrary or capricious.

Knapp argues *Garner v. Jones*, 529 U.S. 244, 255, 146 L. Ed. 2d 236, 120 S. Ct. 1362 (2000), modified the analysis for ex post facto challenges to changes in parole statutes. This is an issue of first impression for Kansas appellate courts.

In *Garner*, the defendant was convicted of murder and sentenced to life in prison in Georgia. At the time of his conviction, Georgia statutes provided that the Georgia Board of Pardons (Board) must consider those serving life sentences for initial parole consideration after 7 years and subsequent reconsideration hearings were to take place every 3 years. The Board later amended its regulations increasing the interval between reconsideration from 3

to 8 years after the initial parole denial of prisoners serving life sentences.

The United States Supreme Court set some rules for courts to determine whether statutes that retroactively give discretion to parole boards to decrease the frequency of parole hearings violate the Ex Post Facto Clause of the United States Constitution.

The Supreme Court began its analysis by reviewing its decision in *California Dept. of Corrections v. Morales*, 514 U.S. 499, 131 L. Ed. 2d 588, 115 S. Ct. 1597 (1995). In *Morales*, the Court noted that not every retroactive procedural change creating a risk of altering an inmate's terms or conditions of confinement is prohibited, but rather it hinged on the matter of degree. Therefore, the Court determined the controlling inquiry was whether retroactive application of the change in the law created " 'a sufficient risk of increasing the measure of punishment attached to the covered crimes.' [Citation omitted.]" 529 U.S. at 250. The *Morales* court indicated that amended rules which created only the " 'speculative and attenuated possibility' " of increasing the measure of punishment did not violate the Ex Post Facto Clause. 529 U.S. at 251.

The *Garner* court's analysis then turned to the operation of the statutory amendment in the whole context of Georgia's parole system because the essence of the defendant's case was "not that discretion has been changed in its exercise but that, in the period between parole reviews, it will not be exercised at all." 529 U.S. at 254. The Court concluded the statutory structure, its implementing regulations, and the Board's unrefuted representations regarding its operations did not lead to this conclusion. In reaching this conclusion, the Supreme Court noted the Board was required by law to set reconsideration hearings at a maximum of 8 years, and Georgia's parole rules permitted additional reviews if there were changes in the prisoner's circumstances warranting an earlier review. 529 U.S. at 254-55.

The Supreme Court went on to hold: "When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration

than under the earlier rule." 529 U.S. at 255. Therefore, a defendant must show that as applied to his or her sentence, the law created a significant risk of increasing his or her punishment. This showing could be made through evidence about the general operation of the parole system on how the board exercises its discretion, including internal policy statements or actual practices. 529 U.S. at 255-56.

Here, Knapp has failed to show a sufficient risk that his effective punishment will be increased under K.S.A. 2001 Supp 22-3717(j). He was convicted of two counts of first-degree murder and sentenced to two life terms. It is difficult to see how a 5-year deferral increased the risk of Knapp serving a longer time.

The KPB exercised its discretion after a full hearing and gave credible reasons for deferring parole because it was not reasonable to expect that parole would be granted in the intervening period. Knapp may request that his parole hearing be advanced if circumstances change significantly during the deferral period. Kansas Administrative Regulations provide the KPB with discretion to advance the next parole hearing. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 186, 740 P.2d 95 (1987); see K.A.R. 45-6-2. Furthermore, the regulations provide that an inmate may appeal or request reconsideration of the KPB's decision. K.A.R. 45-4-6(b); see *Crump v. Kansas*, 143 F. Supp. 2d 1256, 1266 (D. Kan. 2001).

Under the circumstances of this case, Knapp has not shown that application of the 1996 amendment of K.S.A. 22-3717(j) to him presents a sufficient risk of greater punishment for his crimes. Therefore, application of K.S.A. 2001 Supp 22-3717(j) to Knapp does not constitute a violation of the Ex Post Facto Clause of the United States Constitution.

Last, Knapp argues he was not permitted enough discovery to establish that K.S.A. 2001 Supp 22-3717(j) in its operation created a significant risk of increased punishment. See *Garner*, 529 U.S. at 257. The facts of Knapp's situation as affected by the statutory change are known. No further discovery is necessary.

Affirmed.