NOT DESIGNATED FOR PUBLICATION

No. 113,945

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID W. INGRAM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*


MEMORANDUM OPINION


Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed December 4, 2015. Affirmed.

*Donald E. Anderson II*, of Robert A. Anderson Law Office, of Ellinwood, for appellant.

*Robert E. Wasinger*, legal counsel, of Kansas Department of Corrections, of Ellsworth, for appellee.

Before BUSER, P.J., LEBEN and BRUNS, JJ.

*Per Curiam*: Inmate David Ingram challenges the Prisoner Review Board's denial of parole, alleging that its reasons for the denial and its recommendations were unreasonable. He filed a habeas petition under K.S.A. 2014 Supp. 60-1501 for judicial review of the denial, but the district court summarily dismissed his petition for failure to state a claim.

Although an inmate may challenge a parole denial under K.S.A. 2014 Supp. 60-1501, a court's review is limited to whether the Board complied with applicable statutes

and whether its decision was unreasonable. *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, Syl. ¶ 1, 904 P.2d 581 (1995). Ingram argues that because he followed the recommendations the Board had given him, the Board had to approve his release. But K.S.A. 2014 Supp. 22-3717(h) provides that the Board must consider multiple criteria, not merely whether an inmate has taken some steps recommended to prepare for potential release. Because Ingram failed to show that the Board's decision violated applicable statutes or was unreasonable, the district court did not err in summarily dismissing Ingram's habeas petition.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2013, Ingram violated the conditions of his parole and was returned to Ellsworth Correctional Facility. On October 10, 2013, the Prisoner Review Board revoked his parole and passed his case over until November 2014, thus refusing to reconsider granting him parole again until that time. It recommended Ingram receive mental-health counseling and medication screening.

On October 8, 2014, the Board again considered Ingram for parole but decided to pass his case over until November 2015 because of the "[s]erious nature/circumstances of crime; [v]iolent nature of crime; [and] [f]ailure on parole/probation." It recommended that Ingram get a mentor and develop an appropriate release plan. Ingram received the decision on December 22.

In a letter dated January 13 (but notarized January 22), Ingram requested that the Board reconsider its decision and attached certificates of completion for substance-abuse treatment and an anger-management class as well as pending applications for parole-housing programs.

2

The Board responded in a letter dated February 2 that it had reviewed his request but declined to change its decision. Our record doesn't show when Ingram received this letter.

On February 26, Ingram filed a petition for habeas corpus relief under K.S.A. 2014 Supp. 60-1501, which enables a prisoner to challenge his or her confinement, alleging the Board's denial of parole was unreasonable. But on the same day, the district court summarily dismissed the petition with a form order. The order contained 11 potential reasons for dismissal, and the court checked the box by "Petition fails to state facts entitling petitioner to relief."

Ingram has appealed to this court.

ANALYSIS

Ingram challenges the district court's summary dismissal of his K.S.A. 2014 Supp. 60-1501 petition, arguing the facts he alleged supported finding that the Board's October 2014 decision was arbitrary and capricious. The State maintains that the Board's decision was not arbitrary and capricious.

A district court may summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). In reviewing the district court's summary dismissal, this court must accept Ingram's allegations as true and then determine independently, without any required deference to the district court, whether the facts alleged and their reasonable inferences state a potential claim for relief. See 289 Kan. at 648-49; *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008); *Anderson v. Shelton*, No. 107,082, 2012 WL 3822979, at *3 (Kan. App. 2012) (unpublished opinion).

An inmate may file a habeas corpus petition under K.S.A. 2014 Supp. 60-1501 to seek judicial review of decisions of the Prisoner Review Board (formerly the Kansas Parole Board). *Torrence*, 21 Kan. App. 2d 457, Syl. ¶ 1. But because inmates aren't guaranteed parole, review is limited to whether the Board complied with the applicable laws and whether its decision was arbitrary and capricious. K.S.A. 2014 Supp. 22-3710; *Torrence*, 21 Kan. App. 2d 457, Syl. ¶ 1; *Bloom v. Cline*, No. 110,763, 2014 WL 5347375, at *5 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. ___ (January 8, 2015). An action is only arbitrary and capricious if it is unreasonable or not based in fact. *Galloway v. Kansas Parole Board*, No. 110,637, 2014 WL 2229548, at *1 (Kan. App. 2014) (unpublished opinion) (citing *Blue Cross & Blue Shield of Kansas, Inc. v. Praeger*, 276 Kan. 232, 275, 75 P.3d 226 [2003]), *rev. denied* 300 Kan. 1103 (2014). Even if a court finds that the Board failed to follow applicable statutes or arbitrarily denied parole, the court may only remand the case to the Board with instructions to comply with the applicable laws and make proper and objective findings. *Lamb v. Kansas Parole Board*, 15 Kan. App. 2d 606, 608, 812 P.2d 761 (1991); *Davis v. Kansas Dept. of Corrections*, No. 106,453, 2012 WL 687988, at *4 (Kan. App. 2012) (unpublished opinion).

Under K.S.A. 2014 Supp. 22-3717(g), the Prison Review Board may parole an inmate when "[it] is of the opinion that there is reasonable probability that the inmate can be released without detriment to the community or to the inmate." At every parole hearing, the Board must consider:

"(1) Whether the inmate has satisfactorily completed the programs required by any agreement entered under K.S.A. 75-5210a, and amendments thereto, or any revision of such agreement; and (2) all pertinent information regarding such inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and

4

attitude of the inmate in prison; the reports of such physical and mental examinations as have been made, including, but not limited to, risk factors revealed by any risk assessment of the inmate; comments of the victim and the victim's family including in person comments, contemporaneous comments and prerecorded comments made by any technological means; comments of the public; official comments; any recommendation by the staff of the facility where the inmate is incarcerated; proportionality of the time the inmate has served to the sentence a person would receive under the Kansas sentencing guidelines for the conduct that resulted in the inmate's incarceration; and capacity of state correctional institutions." K.S.A. 2014 Supp. 22-3717(h).

Denying Ingram parole based on the seriousness and nature of his crime and his past failure on parole is consistent with these factors.

Nevertheless, Ingram asserts that the Board's decision was arbitrary and capricious because the reasons and recommendations the Board gave him in October 2013 were inconsistent with and unrelated to the ones it cited a year later. Essentially, Ingram has two separate arguments—one regarding the Board's recommendations and the other regarding its reasons for denying parole.

In his brief, Ingram contends that because he complied with the Board's 2013 recommendations, the Board was required to release him on parole and could not make additional suggestions. But he didn't actually comply with the recommendations from 2013; he noted in his petition that he was unable to get mental-health counseling or medication screening and contended that substance-abuse and anger-management classes satisfied the recommendations. Moreover, an inmate is not generally guaranteed parole for completing the Board's recommendations. See *Gilkey v. Kansas Parole Board*, No. 96,624, 2006 WL 3775292, at *3 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007).

5

Ingram also argues that the Board's reasons for denying him parole were arbitrary and capricious. He cites an unpublished Court of Appeals opinion, *Cauthon v. Kansas Parole Board*, No. 70,723, filed May 6, 1994, *rev. denied* 255 Kan. 1000 (1994), to assert that the serious and violent nature of his offense can't be the basis for denying him parole now when it didn't hinder him from getting parole earlier. In *Cauthon*, the Parole Board revoked the defendant's parole following a violation of conditions and recommended that he participate in mental-health counseling; he complied but was then denied parole based on the serious nature of the crime. The court determined that although the Parole Board "had the authority to deny Cauthon's second release on parole," it failed to comply with a provision of the statute at that time that required the Board to "'state in detail the specific reasons for not granting the parole.'" Slip op. at 9-11 (quoting K.S.A. 1993 Supp. 22-3717[h]).

If the Board had solely relied on the nature and circumstances of Ingram's original offense, then *Cauthon* might be on point (though the present statute, K.S.A. 2014 Supp. 22-3717[j], does not contain the specific-findings requirement noted in *Cauthon*). But the Board also based its decision on Ingram's past failure on parole. While we have some information from the *Cauthon* opinion about the reasons his parole was revoked, we don't have similar information about Ingram.

Ingram does not address his past failure on parole in either his petition or his brief. The State argues in its brief that Ingram has been released to parole 12 times and has been returned every time for violating his parole's conditions. While the district court is required to accept the factual allegations contained in the petition when determining whether summary dismissal is appropriate, it is not required to *seek out* additional information. The Board denied release based on the serious nature of the underlying offense and Ingram's failures on parole or probation. But Ingram has included virtually no information in his petition about the nature of the underlying offense (one of his attachments tells us merely that he was convicted for two counts of aggravated robbery

6

but, he says, with no threat of bodily harm or force against the victims), no information at all about why his most recent parole was revoked, and no information about prior parole or probation experiences.

In a similar case, *Lamb*, 2007 WL 737932, at *2, our court concluded that summary dismissal was proper:

"The district court concluded that the Board's action was not arbitrary or capricious because the Board considered statutory factors when reaching its decision. We agree, as the Board's decision clearly was based upon factors enumerated by [K.S.A.] 22-3717(h), *i.e.*, the serious nature of Lamb's crime, his recidivism, his prior failure on parole, and the objections raised to his parole. Moreover, it is not possible to determine whether the Board acted arbitrarily or capriciously in light of the evidence Lamb presented on his behalf, as Lamb has not included in the record on appeal any information regarding his underlying crime, his criminal record, or his previous failure on parole. This court may only presume the evidence was adequate to support the Board's conclusions. [Citation omitted.]"

The same is true here. Ingram has not provided sufficient information about the facts of the underlying offenses, his criminal record, his performance on parole in this case, or his performance on probation or parole in other cases. Accordingly, he has not provided a sufficient basis even to conclude that he has made an initial showing that the Board's decision was arbitrary and capricious.

In its brief, the State also argued that dismissal would have been proper on the alternative basis that Ingram failed to file his petition within 30 days of the Board's decision as required by K.S.A. 2014 Supp. 60-1501(b). After the Board's decision, although not required to do so, Ingram asked the Board to reconsider and that request stops the time period from running while reconsideration is pending. See K.S.A. 2014 Supp. 60-1501(b); *Holt v. Saiya*, 28 Kan. App. 2d 356, 358-61, 17 P.3d 368 (2000).

The Board's decision was final on December 22, 2014, when it issued its "Action Notice" and Ingram signed that he had received it. Ingram then had to either file his habeas petition or request reconsideration by January 21. Although Ingram's letter requesting reconsideration is dated January 13, it wasn't notarized until January 22. The State argues, therefore, that the earliest Ingram could have sent the letter was the 22nd— 31 days after the Board's decision was final. Under K.S.A. 2014 Supp. 60-1501(b), the State contends that Ingram's filing was too late.

We are reluctant to make that conclusion here, however, because we do not know when Ingram submitted his request for a notary to attest his signature. Under the prison mailbox rule, a habeas petition is considered filed when it is delivered to prison authorities for mailing—not on the date it is eventually filed with the court clerk—since those prison authorities control what happens after the paper is delivered to them. *Sauls v. McKune*, 45 Kan. App. 2d 915, 916, 260 P.3d 95 (2011). Without more information, we are unable to determine whether the prison mailbox rule might apply here, so we do not find dismissal appropriate based on the timing of Ingram's court filings.

Even if Ingram's court filings were timely, however, he did not provide sufficient information to show that the Board had acted arbitrarily or had misapplied the law. We therefore affirm the district court's judgment.