NOT DESIGNATED FOR PUBLICATION

No. 116,216

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY SMITH,
*Appellant*,

v.

RAY ROBERTS, SECRETARY OF CORRECTIONS and
THE KANSAS PRISONER REVIEW BOARD,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed April 14, 2017. Affirmed.

*Rhonda K. Levinson*, of Perry and Trent, L.L.C., of Bonner Springs, for appellant.

*Anne Gepford Smith*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*:  Anthony Smith appeals the district court's dismissal of his petition for writ of habeas corpus brought under K.S.A. 2016 Supp. 2016 Supp. 60-1501, which challenged the Kansas Prisoner Review Board's denial of parole. Finding no error, we affirm.

1

*Standard of Review*

Our review of a district court's dismissal of a K.S.A. 60-1501 petition for habeas corpus is limited to whether the factual findings of the district court are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004). A district court's review of a denial of parole is limited to determining whether the Kansas Prisoner Review Board complied with applicable statutes and whether its action was arbitrary or capricious. K.S.A. 2016 Supp. 22-3710; *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, Syl. ¶ 1, 904 P.2d 581 (1995). Under Kansas law, parole remains discretionary with the review board. See K.S.A. 2016 Supp. 22-3717; *Bohanon v. Heimgartner*, No. 109,023, 2013 WL 3970213, at *3 (Kan. App. 2013) (unpublished opinion) (citing controlling cases). The district court determined that the review board complied with the law and that its actions were not arbitrary or capricious. We find substantial competent evidence to support that ruling.

*Discussion*

The Kansas Prisoner Review Board denied Smith parole in August 2015. Its stated "pass reasons" were: "'Serious nature/circumstances of crime; History of criminal activities; Failure on parole/probation; Disciplinary reports.'" The review board placed him on an extended pass to 2017 because "'Inmate committed new crimes while on parole/incarcerated'" and "'Inmate has had multiple failures on parole indicating an inability to follow conditions.'"

Smith first argues that it was unfair that the review board made merely a "perfunctory statement" that it had considered all of the statutory factors in its parole decision. He mentions that the review board is required by statute to consider the proportionality of time already served to the sentence he would have received under the

2

Sentencing Guidelines. But Smith does not argue that the review board actually failed to consider proportionality or that his sentence is disproportionate. A point raised only incidentally in a brief but not argued is deemed abandoned. *Friedman v. Kansas State Bd. of Healing* Arts, 296 Kan. 636, 645, 294 P.3d 287 (2013). Accordingly, Smith has abandoned any proportionality argument.

Moreover, the review board is not required to give explicit details to substantiate its findings or to give specifics as to how certain factors weighed in its decision. See *Torrence*, 21 Kan. App. 2d at 458-59 (discussing degree of specificity required under Kansas Supreme Court interpretation of K.S.A. 22-3717[k]). The Board's Action Notice complied with that statute and with K.S.A. 2016 Supp. 22-3717(j)(1), which requires it to notify the inmate in writing of the reasons for not granting parole. No error of law has thus been shown.

Smith's second argument is that the district court erred in summarily dismissing his petition and that he was entitled to an evidentiary hearing. However, the district court did not summarily dismiss his petition. It initially granted a writ and held a hearing in February 2016, in which it accepted documents from Smith. Smith alleged the documents would show that the Kansas Department of Corrections (KDOC) did not properly apply a regulation in calculating his delinquent time lost on parole and that the review board relied on those incorrect calculations in making its parole decision.

The district court stated it would not reconsider the issue of time calculation because Smith had previously disputed that matter via grievances with KDOC. Those grievances did not result in a recalculation by KDOC. The district court found that Smith failed to exhaust administrative remedies on those grievances, that review of those decisions in a 60-1501 proceeding is time-barred, and that many of Smith's arguments had been presented before and are under appeal in other cases. Smith's appeal of that decision in No. 115,336, is on the current docket; thus, any error can be remedied in that

3

case. Further, the review board's reasons for denying Smith parole did not rely on time calculations. So even if some time was incorrectly calculated, that error did not affect the outcome of the parole hearing.

The district court reviewed Smith's documents only to see if they challenged the reasons the review board cited for denying Smith's release. The district court found they did not. Instead, Smith's documents showed evidence he had committed crimes while on parole—thus supporting one of the reasons the review board cited for its decision. The review board's stated reasons for denying parole, including its reliance on Smith's commission of new crimes while on parole, are rational rather than arbitrary reasons to deny parole. See *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994) (upholding Kansas Parole Board's denial of parole based on its reasoning that the inmate was not ready to assume the obligations of a law-abiding citizen, the serious nature of the crimes he had committed, and objections by members of the community).

Having reviewed the record, we find substantial competent evidence to support the district court's determination that the review board complied with the law and that its actions were not arbitrary or capricious. Accordingly, we affirm.

Affirmed.