NOT DESIGNATED FOR PUBLICATION

No. 117,164

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEPHEN ALAN MACOMBER,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed August 18, 2017. Affirmed.

*Martin J. Keenan*, of McDonald Tinker PA, of Wichita, for appellant.

*Anne Gepford*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., GREEN and HILL, JJ.

*Per Curiam*: Stephen A. Macomber's K.S.A. 60-1501 petition was summarily denied by the district court. Macomber appeals and argues the court abused its discretion by summarily dismissing his petition without appointing him an attorney and conducting a hearing. He also argues the actions of the Kansas Parole Board (Board) were arbitrary and capricious and done out of anger. Because the court was not required to appoint him an attorney or conduct a hearing, and the Board considered the nonexclusive factors under K.S.A. 2014 Supp. 22-3717(h)(2) when it denied Macomber's parole, we affirm.

1

On July 20, 1987, in Sedgwick County, Macomber was found guilty by a jury of 4 counts of aggravated robbery and 1 count of aggravated battery. He was sentenced to the Secretary of Corrections (SOC) for a period of not less than 15 years and not more than 20 years for aggravated robbery, a period of not less than 5 years and not more than 20 years for aggravated battery, and for a period of not less than 5 years and not more than 15 years for each of the remaining 3 counts of aggravated robbery. The sentences were to run consecutive to each other. It was also found that Macomber had used a firearm in the commission of the crimes.

On December 22, 1992, Macomber pled guilty to aggravated battery in Reno County. He was sentenced to the SOC for a period of not less than 3 years and no more than 10 years. This case was to run consecutive to the Sedgwick County case.

Macomber was paroled and while on parole "engaged in a multiday, multicity crime spree that resulted in multiple charges." *Macomber v. KDOC*, No. 112,244, 2015 WL 1636899, at *1 (Kan. App. 2015) (unpublished opinion). On June 4, 2010, he robbed a bank in Nebraska with a handgun and took $7,375. On June 6, 2010, Macomber returned to Kansas where he murdered a person and fled. The following day he was stopped by a county deputy. He shot the deputy in the wrist and in the back and stole the deputy's vehicle. The deputy was injured, but not killed. Macomber then broke into a woman's home and held her hostage until he was captured by law enforcement.

On June 8, 2010, Macomber was arrested in Kansas based on a Kansas Department of Corrections (KDOC) order to arrest and detain him. The order alleged three violations of parole including the homicide, possession of a weapon, and shooting a person. He was held in the Riley County jail. In Marshall County, Kansas, Macomber was first convicted by a jury of attempted first-degree murder, aggravated battery on a law enforcement officer, aggravated robbery, aggravated assault on a law enforcement officer, and criminal possession of a firearm. In his second Marshall County case,

2

Macomber was convicted by a jury of kidnapping, aggravated battery, aggravated assault, possession of a firearm, and criminal threat. In Nebraska, Macomber was charged with felony robbery and felony use of a deadly weapon to commit a felony.

On June 11, 2011, Macomber was transferred to the Shawnee County Jail. On January 1, 2012, after a third jury trial, Macomber was convicted of murder in the second degree (later reduced to involuntary manslaughter) and criminal possession of a firearm. He was transferred to the El Dorado Correctional Facility on March 28, 2012.

On June 12, 2012, the Board conducted Macomber's parole revocation hearing. The Board revoked his parole and cited 14 law violations. Specifically, the Board found Macomber had committed

> "first-degree murder, criminal possession of a firearm, robbery, use of a deadly weapon to commit a felony, attempted murder in the first degree, aggravated battery on a law enforcement officer, possession of a firearm by a felon, burglary of a motor vehicle, theft, kidnapping, aggravated burglary, aggravated assault, possession of a firearm by a felon, and criminal threat." 2015 WL 1636899, at *2.

The Board set his next parole consideration for 2015.

Macomber filed a K.S.A. 60-1501 petition and alleged he was unlawfully restrained in Butler County and claimed his parole revocation was wrongful. On April 3, 2015, the *Macomber* court found the record revealed Macomber's claim had no merit and affirmed the Board. 2015 WL 1636899, at *10.

On May 14, 2015, the Board held a hearing on Macomber's parole. The Board denied him parole and deferred the next parole hearing to June 2020. The Board passed on granting Macomber parole because of the serious nature and circumstances of his crimes, his history of criminal activities, the violent nature of his crimes, and his failure

3

to be successful on parole. In addition, the Board stated it deferred the next parole hearing for 5 years because the "community has been exceedingly opposed to the inmate's release," and he "has established a pattern of offending behavior that indicates escalating violence."

Macomber filed a second K.S.A. 60-1501 petition on July 17, 2015. He argued the Board violated his due process rights to have a neutral and detached hearing by "arbitrarily and capriciously passing the petitioner for an extended period of 5 years," and the Board had violated his right to petition the government for redress of grievances, guaranteed by the First Amendment of the United States Constitution by arbitrarily passing him for an extended 5-year period.

On June 15, 2016, the district court summarily denied Macomber's petition. The court stated Macomber had offered no proof beyond his conclusory allegations. It noted that a previous adverse ruling does not in itself indicate prejudice or a conflict of interest. Further, the court found the Board specifically cited to two compelling factors for denying Macomber parole—the community's opposition to his release and his "obvious pattern" of escalating violence.

On appeal, Macomber argues the district court abused its discretion by summarily dismissing his petition without appointing him an attorney and conducting a hearing. He also argues the actions of the Board were arbitrary and capricious and done out of anger.

Macomber states his argument is that the district court erred in summarily denying his K.S.A. 60-1501 petition without appointing him an attorney and conducting a hearing. However, in his brief he argues the actions of the Board were arbitrary and capricious because it "rubber stamped" an additional 5 years onto his sentence without considering the fact that the violent nature of his crimes had been mitigated. Further, he states a member of the Board was angry and mocked him for filing a previous lawsuit against the

board member and, therefore, the Board acted out of anger and not out of a sense of justice. While Macomber never briefed the issue regarding the appointment of counsel or a hearing, it will be briefly addressed.

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Even if a petitioner claims the deprivation of a constitutional right, K.S.A. 2016 Supp. 60-1503(a) requires summary dismissal "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). "In determining if this standard is met, courts must accept the facts alleged by the inmate as true." 279 Kan. at 850. This court exercises unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

An inmate may file a writ of habeas corpus under K.S.A. 60-1501 to seek review of a final order of the Board. *Swisher v. Hamilton*, 12 Kan. App. 2d 183, 185, 740 P.2d 95 (1987). "However, because parole is a privilege, a matter of grace exercised by the [Board], this court's review of the denial of parole is limited to whether the [Board] complied with applicable statutes and whether its action was arbitrary and capricious." *Payne v. Kansas Parole Board*, 20 Kan. App. 2d 301, 307, 887 P.2d 147 (1994). Arbitrary is defined as without adequate determining principles and not done or acting according to reason or judgment. *Robinson v. City of Wichita Employees' Retirement Bd. of Trustees*, 291 Kan. 266, 271, 241 P.3d 15 (2010). Capricious is defined as changing apparently without regard to any laws. 291 Kan. at 271.

The standard just stated for a K.S.A. 60-1501 petition does not require the appointment of counsel or a hearing. See *Johnson*, 289 Kan. at 648-49; see also *Payne*, 20 Kan. App. 2d at 307-08. Therefore, Macomber's argument that the Board erred when it denied him counsel and a hearing has no merit.

5

Macomber also claims the Board acted arbitrarily and capriciously and acted out of anger instead of a sense of justice. K.S.A. 2014 Supp. 22-3717(h) states that the Board "shall consider . . . all pertinent information regarding such inmate." The statute provides a nonexclusive list of pertinent information. K.S.A. 2014 Supp. 22-3717(h)(2). The list is nonexclusive because the statute says that the Board's consideration must include, but is not limited to, review of the factors in the list. K.S.A. 2014 Supp. 22-3717(h)(2). By providing a nonexclusive list of factors, the legislature gave the Board discretion to determine when information is pertinent. *Denney v. Kansas Prisoner Review Board*, No. 116,532, 2017 WL 1035566, at *2 (Kan. App. 2017) (unpublished opinion).

Here, the Board stated it denied Macomber parole because of the serious nature and circumstances of his crimes, his history of criminal activities, the violent nature of his crimes, and his failure to be successful on parole. In addition, the Board stated it deferred the next parole hearing for 5 years because the community had been exceedingly opposed to the inmate's release, and he had established a pattern of offending behavior that indicated escalating violence. The Board considered the circumstances of his offense, his criminal record, and comments of the public. See K.S.A. 2014 Supp. 22-3717(h)(2).

Macomber argues the Board should have considered that his most serious conviction for second-degree murder was reduced to involuntary manslaughter. In addition, he states other convictions and charges were vacated and dismissed. However, in *Heath v. Kansas Parole Board*, No. 109,813, 2014 WL 113476, at *5 (Kan. App. 2014) (unpublished opinion), the court found the Board had properly considered pertinent information about Heath's offense even though the Supreme Court had vacated the child abuse sentence. Specifically, the *Heath* court stated the Board was not required to ignore those circumstances just because the offense was vacated. 2014 WL 113476, at *5.

6

Macomber further argues the Board punished him for filing various actions against it. The scope of review of the Board's decisions by the courts is limited to reviewing whether the Board complied with the statutory requirements. *Torrence v. Kansas Parole Board*, 21 Kan. App. 2d 457, 459, 904 P.2d 581 (1995). Therefore this is not an issue within the scope of the court's review. 21 Kan. App. 2d at 459.

The Board properly considered the nonexclusive factors under K.S.A. 2014 Supp. 22-3717(h)(2). The district court is affirmed.

Affirm.